820 F.2d 1219
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorotha J. CORBIN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 86-2645.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1987.
Decided June 2, 1987.
 
 Before SPROUSE, and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 James A. McLauglin (Susan K. McLaughlin; Barkan & Neff, on brief), for appellant.
 James A. Winn, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; William A. Kolibash, United States Attorney; Betsy C. Steinfeld, Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 In this social security case, the appellant seeks widow's disability insurance benefits. Appellant was born on October 15, 1932 and was fifty years old at the time of the Administrative hearing. The medical evidence of record shows that the plaintiff was hospitalized in May of 1981 for a fracture of fifth thoracic vertebra with compressive syndrome. At that time, no disease or process was identified which would cause such a fracture. By letter dated June 24, 1982, Dr. Lemperg, an orthopedic surgeon indicated that, despite extensive testing no pathology could be found for the appellant's fracture. Dr. Lemperg noted that local findings in the back were unremarkable, that the process in the vertebra column was in a stationary phase and that the appellant had some weakness in her left leg. Dr. Lemperg opined that spontaneous recovery would not occur, that the appellant's present disability would be permanent, and that he believed that the appellant met the requirements for disability income benefits.
 
 
 2
 In report dated September 24, 1982, Dr. Harron indicated the only medicine being to used to treat the appellant was Tylenol. The appellant complained at that time of occasional urinary incontinence. Dr. Harron stated that the appellant's voluntary flexion of the lumbar and thoracic spine was limited to 0 degrees and the voluntary flexion of the left hip and left knee were limited to 10 degrees, however when climbing on and off the examination table, the appellant exhibited flexion of the left knee to at least 90 degrees, flexion of the left hip to 70 degrees and flexion of the lumbar spine to 30 to 40 degrees. Dr. Harron found that, neurologically, Rhomberg and Babinski signs were negative, that the appellant had normal coordination and normal deep tendon reflexes. When asked to walk, the appellant exhibited a very poor gait, but when she did not realize she was being observed, she walked with an almost normal gait.
 
 
 3
 At the hearing before the ALJ, the appellant testified that she suffered severe pain in her back and legs which she treated with Tylenol and Anacin. She also said that she had urinary and bowel problems which caused her to be incontinent. The ALJ determined that the appellant suffers from multiple impairments including a fracture of the spine, a skin condition and depression but that such impairment neither singularly, or in combination, equal, nor are they the medical equivalent of any of the Listings of Impairments, 20 C.F.R., Subpart, Appendix 1. Accordingly, the ALJ found that the plaintiff was not disabled as defined in Section 223(d) of the Social Security Act and, therefore, was not entitled to widow's disability insurance benefits. The ALJ decision has been affirmed at every level. On appeal the appellant argues that the decision is flawed because her back impairment is equal in severity to those impairments listed in 20 C.F.R., part 404 (Subpart P, Appendix 1) and because the ALJ failed to fully consider the effects of the plaintiff's pain in relation to the severity of her impairment.
 
 
 4
 Under Section 223 of the Social Security Act, as amended, 42 U.S.C. Sec. 423, the test for establishing entitlement to disability benefits is more stringent for widows, widowers and divorcees than for those claiming entitlement is wage earners. Thus, a widow, to be eligible for benefits under the Act, must be incapable of performing any gainful employment, 42 U.S.C. Sec. 423(d)(2)(B), and her inability work must be based solely on medical considerations. 20 C.F.R. Sec. 404.1577.
 
 
 5
 Appellant claims that her back impairment equals in severity Listings 1.05(b) and 1.05(c) as found at 20 C.F.R. part 404, Subpart P, Appendix 1. The criteria contained in these listings are as follows:
 
 
 6
 B. Osteoporosis, generalized (established by X-ray) manifested by pain and limitation of back motion and paravertebral muscle spasm with X-ray evidence of either:
 
 
 7
 1. Compression facture of a vertebral body with loss of at least 50 percent of the estimated height of the vertebral body prior to the compression fracture, with no intervening direct traumatic episode; or
 
 
 8
 2. Multiple fractures of vertebrae with no intervening direct traumatic episode; or
 
 
 9
 C. Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2.
 
 
 10
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 11
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 12
 The appellant acknowledges that she does not meet the requirements or 1.05(b) because she does not have osteoporosis and there is no evidence of paravertebral muscle spasm as required. The appellant argues that the overall combination of her impairments is the equivalent of the impairment outlined in Listing 1.05(b). The appellant's argument fails. She possesses only a few of the symptoms outlined in this listing and under the stringent test applied to applicants for widow's benefits, such are insufficient.
 
 
 13
 The appellant also argues that she is entitled to benefits pursuant to Listing 1.05(c) because she suffers significant limitation of motion in the spine and significant motor loss as evidenced by her incontinence. There is, however, no evidence of muscle spasm as required by (c)(1). The ALJ refused to characterize her limitation of motion as significant in view of the fact that her condition seems to improve when she is unaware that she is being observed. Certainly there is substantial evidence in the record to support this finding.
 
 
 14
 Finally, the appellant argues the ALJ did not properly consider the pain which she suffers as a result of her impairment. The ALJ found that the objective evidence indicated the appellant was not in as much pain as she claimed. The ALJ's finding on this point is born out by the fact that the appellant enjoys a broader range of motion when she is not aware that she is being observed and the fact that the appellant treats her pain with only Anacin and Tylenol. Finding there is substantial evidence to support the secretary's findings, we affirm.
 
 
 15
 AFFIRMED.